DONNELLY GARMENT CO. et al. v. INTERNATIONAL LADIES' GARMENT WORKERS' UNION et al. (DONNELLY GARMENT WORKERS' UNION et al., Interveners).

No. 2924.

District Court, W. D. Missouri, W. D.

Sept. 19, 1942.

Emil Schlesinger, of New York City, Charles A. Horsky, and John T. Sapienza, both of Washington, D. C., and Clif. Langsdale, of Kansas City, Mo. (Covington, Burling, Rublee, Acheson & Shorb, of Washington, D. C., of counsel), for defendants.

James A. Reed, Robert J. Ingraham, and William S. Hogsett, all of Kansas City, Mo., for plaintiffs.

Gossett, Ellis, Dietrich & Tyler, of Kansas City, Mo., for interveners.

NORDBYE, District Judge (Acting under special assignment to the Western District of Missouri.)

These defendants are proceeding in the above-entitled action under Section 7 of the Norris-LaGuardia Act, 29 U.S.C.A. § 107, against the plaintiffs and the interveners and the Central Surety and Insurance Company, surety, seeking to recover a claim for $104,305.53 damages alleged to have been caused by reason of the erroneous issuance of injunctions in a suit brought by these plaintiffs against these defendants under the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq. For convenience, the plaintiffs and the interveners will be referred to as the plaintiffs. It has been determined that the court was without jurisdiction to issue the injunctions, and they therefore have been vacated and set aside. Plaintiffs, in responding to the claim thus filed under Section 7 of the Norris-LaGuardia Act, seek to counterclaim in damages based upon alleged wrongful acts of the defendants. In brief, it may be stated that the alleged wrongful acts are substantially the same as those which formed the basis for the proceeding under the Sherman Act and as to which equitable relief was finally denied on account of lack of jurisdiction. International Ladies' Garment Workers' Union et al. v. Donnelly Garment Co. et al., 8 Cir., 119 F.2d 892; Id., 8 Cir., 121 F.2d 561. Therefore, we have the anomalous situation where plaintiffs now seek affirmative relief by way of a counterclaim against the defendants in a proceeding in which they were denied relief because there was no Federal jurisdiction. There are several cogent and impelling reasons why the counterclaim cannot be sustained.

I. The pertinent portion of Section 7 of the Norris-LaGuardia Act reads: "The undertaking mentioned in this section shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding against said complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose. But nothing in this section contained shall deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue his ordinary remedy by suit at law or in equity."

It will be observed that, where injunctive relief has been granted and subsequently denied by the court, the aggrieved party may proceed in the same proceeding upon a hearing to assess damages, or he may proceed by an independent action. These defendants chose to proceed in this action, and in conformity with an order of this Court, filed a petition so that the plaintiffs might be apprised of the claim and the extent and character thereof. It is to this claim that plaintiffs seek to lodge their counterclaim. The proceeding to assess damages on account of the erroneous issuance of the injunctions is not an independent action or proceeding. It is merely the last step in an action wherein jurisdiction was based upon the Sherman Act. And Federal jurisdiction now exists to assess damages by reason of the authority of Section 7 of the Norris-LaGuardia Act.

The hearing contemplated by Section 7 is in effect nothing more than an expansion of the proceeding looking to the taxation of costs by one who, under the law, is permitted to tax costs against the defeated party. The hearing, therefore, contemplated by Section 7 must be limited to a determination of the damages to be assessed against the plaintiff. Nothing more is contemplated. It will be observed that the only notice to which the plaintiff or the surety is entitled is a reasonable one. Presumably, defendants could have proceeded by notice of motion, giving plaintiffs and the surety reasonable notice and setting the hearing for taxation of costs and expenses before the Court on a certain date. Under such practice, no pleading would be filed, and under such circumstances the sole duty of the Court would be to hear defendants' proof and plaintiffs' response regarding the damages to which defendants should be entitled. The filing of a formal claim herein in response to this Court's order did not change or extend the character of the proceeding contemplated by the Act. Moreover, it seems evident that the statute contemplates a speedy and summary proceeding. Congress never intended that other issues should be determined at this hearing; in fact, the very purpose of the statute in affording a summary hearing might be frustrated if other issues by way of counterclaims or set-offs could be asserted and litigated. It could not be seriously alleged that, in an ordinary taxation of costs proceeding, any counterclaim or set-off could be entertained. The present situation does not differ in principle.

II. Plaintiffs are now seeking relief in a proceeding under the Sherman Act which they instituted and in which this Court has no jurisdiction to grant them any relief. It must follow, therefore, that Federal jurisdiction no longer exists, except to conduct the hearing as to defendants' damages.

III. Plaintiffs err when they urge that their claim for damages "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendants' claim is based exclusively and entirely on rights growing out of the improper issuance of injunctions in an action in which the court had no jurisdiction. The mere fact that the injunctions were issued in a proceeding in which plaintiffs charged fraud, violence and boycott, does not affect or color the fundamental character of defendants' claim. The gravamen of defendants' claim is the loss, expense or damage, including reasonable attorneys' fees, which resulted or occurred by reason of the erroneous granting of injunctive relief. The gravamen of plaintiffs' counterclaim is a tort claim arising out of the allegations of fraud, violence and boycott on the part of these defendants. Assuming, therefore, that a counterclaim would lie in a proceeding for damages contemplated by Section 7 of the Norris-LaGuardia Act, it seems clear that this counterclaim is not compulsory and that if any counterclaim could be entertained, it must be supported by independent Federal jurisdiction. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370; Carter Oil Co. v. Wood, D.C.E.D.Ill., 30 F.Supp. 875; 1 Moore's Federal Practice (1938) 686, 695; Goldstone v. Payne, 2 Cir., 94 F.2d 855; Cleveland Engineering Co. v. Galion D. M. Truck Co., D.C., 243 F. 405, 407. There is, of course, no contention that separate Federal jurisdiction does exist in so far as plaintiffs' counterclaim is concerned. Furthermore, no showing has been made which suggests the propriety of any equitable set-off if such defensive matter could be entertained in a proceeding contemplated by Section 7.

It follows, therefore, that the counterclaim of the plaintiffs and the interveners must be dismissed for lack of jurisdiction. It is so ordered.

An exception is reserved to the plaintiffs and the interveners.