**SWITZER BROS., Inc. v. LOCKLIN.**
No. 10856.

United States Court of Appeals
Seventh Circuit.

Oct. 8, 1953.

William J. Marshall, Jr., Chicago, Ill., Carl Hoppe, San Francisco, Cal., Stephen S. Townsend, Charles E. Townsend, Jr., John W. Hofeldt, Chicago, Ill., for appellants.

Albert L. Ely, Jr., Cleveland, Ohio, M. Hudson Rathburn, Waino M. Kolehmainen, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Switzer Brothers, Inc., Robert C. Switzer and Joseph L. Switzer (hereinafter referred to as Switzers) filed suit against seventeen defendants (hereinafter referred to as the original defendants), for the infringement of United States patents No. 2,475,529 and No. 2,417,384. It was alleged that certain of the defendants infringed one patent and that other defendants infringed the other. On January 7, 1953, the District Court granted Harry P. Locklin and Elmer J. Brant, general partners doing business as Radiant Color Company (hereinafter referred to as Radiant), leave to intervene and to file an answer instanter, but in the same order denied it leave to file a counterclaim. From such denial Radiant appeals.

While there is some disagreement between the parties as to the contested issues, we think they may be aptly stated as follows: (1) whether this

court has jurisdiction to entertain the appeal under section 1292, Title 28 U.S. C.A., and (2) if so, whether the District Court erred in its denial of Radiant's application to file a counterclaim. On the jurisdictional issue, Switzers heretofore filed a motion to dismiss the appeal, which was denied without prejudice to their right to renew at the hearing on the merits, which has been done.

A brief statement of the facts appears to be essential as a premise for the legal questions which we are called upon to decide. While Radiant was not named as an original defendant, the complaint among other things alleged that certain of the original defendants procured the alleged infringing material from Chicago Cardboard Co. (an original defendant) and Radiant, a principal of said Chicago Cardboard Co. The complaint further alleged that defendant Chicago Cardboard Co., "acting as a distributor for and agent" of Radiant, further infringes patent No. 2,475,529, by selling the alleged infringing material "obtained from said Radiant Color Company." The complaint prayed for relief, including the issuance of "A preliminary and permanent injunction against defendants and those in privity with defendants, and each of them, against further infringement * * *."

Radiant filed its motion to intervene, accompanied by a proposed answer and counterclaim, on June 19, 1952. Switzers filed their written objections to this proposed intervention on July 8, 1952. On July 17, 1952, the defendants (except one which had been previously dismissed), all having previously answered the complaint, entered their consent to the intervention by Radiant. On this same date, Chicago Cardboard Co. amended its original answer to include a counterclaim for alleged violation of anti-trust laws. Switzers moved to strike this counterclaim, which motion has not been acted upon so far as the instant record discloses. The attorneys who represent Radiant also represent the original defendants, including Chicago Cardboard Co.

Radiant's answer, which the court permitted to be filed in connection with its leave to intervene, and Radiant's counterclaim, which the court refused leave to be filed, both alleged violation of the anti-trust laws by Switzers, the former defensively and the latter offensively. Defensively, the answer sought dismissal of the complaint on the grounds that the violations asserted constituted unclean hands and misuse and, offensively, the counterclaim sought "a preliminary and final injunction against further violation of the anti-trust laws by plaintiffs [Switzers] and those controlled by plaintiffs," together with an accounting for damages triple damages, costs and reasonable attorney fees. All defendants in their answers pleaded violation of the anti-trust laws defensively and, in addition, Chicago Cardboard Co. sought to plead such violations offensively by way of counterclaim, to which, as already noted, Switzers have interposed an objection.

Switzers' main argument rests upon the premise that Radiant's intervention was not a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., but was only permissive under paragraph (b) of that rule. There is nothing in the record, however, to show or indicate whether the District Court allowed intervention as a matter of right or as permissive. More important is the fact that Radiant was allowed to intervene and to file an answer. Switzers cite Thompson v. Broadfoot, 2 Cir., 165 F.2d 744, 745, and Cresta Blanca Wine Co., Inc., v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012, 1014, in support of the argument that interlocutory denial of intervention is not appealable unless intervention is a matter of right. The cited cases support the proposition stated but they are beside the point because this appeal is not from an order denying intervention, but from an order allowing intervention but denying leave to file a counterclaim. Thus, the question on the jurisdictional issue is whether the denial of the right to file a counterclaim which sought an injunction is

appealable. Our attention is not called to any case and we know of none directly in point; however, Radiant relies upon General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 433, 53 S.Ct. 202, 77 L.Ed. 408; In-a-Floor Safe Co. v. Diebold Safe & Lock Co., 9 Cir., 91 F.2d 341, 342, and Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 115 F.2d 45, 47, which it is argued by analogy support the appealability of the order. With this we agree.

The General Electric case involved a patent infringement action to which the defendants answered and set up a counterclaim charging plaintiffs with infringement of a patent controlled by defendants and praying for an injunction against such infringement and an accounting. The District Court dismissed the counterclaim for want of jurisdiction. Defendants appealed, and plaintiffs moved to dismiss on the ground that the counterclaim did not amount to the refusal of an injunction under United States Code, Title 28, former section 227, and was, therefore, not an appealable order. The Court of Appeals denied the motion to dismiss and reversed the order dismissing the counterclaim. The Supreme Court affirmed and stated [287 U.S. 430, 53 S.Ct. 204]:

> "And the court necessarily decided that upon the facts alleged in the counterclaim defendants were not entitled to an injunction. It cannot be said, indeed plaintiffs do not claim, that the dismissal did not deny to defendants the protection of the injunction prayed in their answer. The ruling of the Circuit Court of Appeals that an injunction has been denied by an interlocutory order which is reviewable under section 129 is sustained by reason and supported by the weight of judicial opinion." (Citing cases.)

Switzer seek to distinguish the General Electric and other cases relied upon by Radiant on the grounds that in those cases the counterclaim involved was presented by an original defendant as distinguished from a counterclaim presented by an intervenor. We see no reason why such distinction should change the rule. Certainly the section which permits an appeal from an interlocutory order denying an injunction does not differentiate between an injunction sought by an original defendant and one sought by an intervenor. Switzers further argue that the Supreme Court later specifically distinguished its holding in General Electric in Chandler & Price Co. v. Brandtjen & Kluge, Inc., 296 U.S. 53, 56–57, 56 S.Ct. 6, 80 L.Ed. 39, where an intervenor sought relief by way of a counterclaim. On the issue of the appealability of the order under attack, we find nothing in the Chandler case contrary to the holding in General Electric. The fact is that in Chandler both the Court of Appeals and the Supreme Court took jurisdiction from an order dismissing an intervenor's counterclaim seeking injunctive relief. Any distinction between the two cases is on the merits, to which we shall subsequently refer.

There appears to be some contrariety of opinion as to the rights of a party by intervention as compared to those of an original party. See discussion by the Supreme Court in the Chandler case, supra, 296 U.S. at page 58, 56 S.Ct. 6; Illinois Steel Co. v. Ramsey, 8 Cir., 176 F. 853, 863, and Western Union Telegraph Co. v. United States & Mexican Trust Co., 10 Cir., 221 F. 545, 552. We think, however, we need not attempt to resolve any difference of opinion on this score. If it has any bearing, which we doubt, it is upon the issue as to whether the court erred in denying Radiant's application to file its counterclaim and not upon that of our jurisdiction to entertain the appeal. We think, and so hold, that we have before us an appealable order.

■ There remains for disposal the question as to whether the District Court erred in its denial of Radiant's application to file its counterclaim. As already noted, the record is silent as to the premise upon which the court permitted Radiant's intervention, with leave to answer. It is also silent as to the reason for denial of its application for leave to

file a counterclaim. Switzers argue that Radiant is not entitled to file its counterclaim as a matter of right that in any event the claim comes only within the terms of Rule 13(b) which makes it a discretionary matter with the court, and that no abuse of discretion has been shown. Much reliance is placed upon Chandler & Price Co. v. Brandtjen & Kluge, Inc., 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39 (heretofore referred to in connection with the jurisdictional issue). In our view, that case furnishes little, if any, support to this contention. Without undertaking to discuss the case in detail, it may be noted that the matter considered was the rights of an intervenor under the old equity rules. We need not discuss the extent, if any, to which the rights of an intervenor have been liberalized by the Rules of Civil Procedure because, in any event, the Chandler case is readily distinguishable on its facts. There, the counterclaim set up an independent cause of action for the infringement of a patent owned by intervenor and not related in any manner to the plaintiff's patent upon which suit was instituted. In contrast, we have a situation where the patents upon which Switzers' suit is predicated are alleged in the counterclaim to have been used by them in a manner violative of the anti-trust laws. It therefore cannot be said that the subject matter of the counterclaim is unrelated to the patents in suit. Also, in the Chandler case the controversy between the intervenor and the plaintiff was one in which the original defendant had no interest. Here, the original defendants have an interest in the controversy; in fact, they as well as the intervenor all charge Switzers with the misuse of the patents upon which suit has been brought, in violation of the anti-trust laws. Furthermore, the complaint in the Chandler case alleged no cause of action and no wrongdoing against the intervenor. In contrast, Switzers charged Radiant by name and act with being a participant in the wrong-doing alleged against the original

defendants and sought injunctive relief against Radiant as a privy. More fatal to the reliance which Switzers place upon Chandler is the fact that the counterclaim in that case bore no relation to the "subject matter of the opposing party's claim", an essential requisite both of a counterclaim under Rule 13(a) and a permissive counterclaim under Rule 13 (b). In other words, the counterclaim there before the court was neither compulsory nor permissive as defined by paragraphs (a) and (b) of Rule 13.

Without the aid of authority, it would be our view that Radiant's counterclaim comes within the terms of Rule 13(a) as a claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The relation which a counterclaim such as is presented in the instant situation sustains to the complaint in a patent infringement suit is aptly described by Judge Campbell in Douglas v. Wisconsin Alumni Research Foundation, D. C., 81 F.Supp. 167, 170, as follows:

"In an action for patent infringement, the subject matter is the patent, its use, and its infringement. And since it is recognized as a valid affirmative defense, misuse by the patentee must also be included as a necessary ingredient of the subject matter. It is logically related to, and intimately interwoven with, the other elements so as to render it indispensable to the whole. Nor does the mere fact that a separate right of action is granted by statute for misuse by the patentee, alter its character. More than one right of action can be created by a single transaction, but the method of enforcing these rights can be restricted or qualified. Rule 13(a) is an example of this type of restriction. A defendant has a right to defend on the ground of misuse, and he also has a right to maintain a counter-

claim for damages for that same misuse; but he is restricted insofar as he must assert the one while asserting the other."

In American Mills Company v. American Surety Company of New York, 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306, the court, in construing former equity Rule 30, held in effect that in an equitable action a defendant must set forth by counterclaim any cause of action arising out of the subject matter of the complaint; otherwise, a defendant is barred from maintaining an independent action. In other words, a defendant had no option in the matter. By analogy, the same reasoning should control here.

This view, however, is impaired by a statement in Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376, made in connection with a discussion as to whether the defendant's failure to file a counterclaim based upon anti-trust violation in a previous patent infringement suit was *res adjudicata.* Relative thereto, the court stated, 320 U.S at page 671, 64 S.Ct. at page 274:

"That claim for damages is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) of the Rules of Civil Procedure * * * does not mean that the failure to do so renders the prior judgment *res judicata* as respects it."

The counterclaim in the instant case is in precisely the same category as that which the Supreme Court was discussing. Accepting the statement of the Supreme Court at face value, as we must, it appears that Radiant's counterclaim was "permissive" under paragraph (b). We understand it to be the position of Switzers that the word "permissive" means that permission must be obtained from the court before such a counterclaim can be filed, and it therefore is a matter of discretion. We do not so understand. Both the words "compulsory" in paragraph (a) and "permissive" in paragraph (b) are descriptive of the rights of the pleader. Neither has any bearing upon the right or duty of the court when a counterclaim is presented. This reasoning is consistent with and supported by the rationale of both the American Mills Company case, supra, and the Mercoid case, supra. See also Moore v. New York Cotton Exchange, 270 U.S. 593, 609, 46 S.Ct. 367, 70 L.Ed. 750, and Barber Asphalt Corp. v. La Fera Grecco Contracting Co., *3* Cir., 116 F.2d 211, 216. If the counterclaim is compulsory, it must be presented in connection with the main suit and, upon failure to do so, the claimant is barred from seeking the same relief in an independent action. Failure to file the counterclaim is *res adjudicata* of the relief which might have been obtained thereby. On the other hand, if the counterclaim is permissive, it is optional with the claimant whether he will plead it. Failure to do so does not render the judgment in the case *res adjudicata.* The point is, however, that a party who has a counterclaim, either compulsory or permissive in form, has a right to file it. In the one situation failure precludes an independent action, while in the other it does not.

With the conclusion thus reached, we think it unnecessary to discuss the contention of Radiant that in any event the refusal to allow the filing of the counterclaim was an abuse of the court's discretion. In the first place, as heretofore noted, there is nothing in the record to indicate the court's reason for its refusal and, secondly, Radiant was entitled as a matter of right to file its counterclaim.

The order appealed from is reversed. The cause remanded with directions to proceed in conformity with the views herein expressed.