30 N.J. Super. 502 (1954)
105 A.2d 415
HELEN LOUISE REINHARDT AND JOHN A REINHARDT, JR., PLAINTIFFS-APPELLANTS,
v.
BERNICE M. WILBUR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1954.
Decided May 17, 1954.
*503 Mr. Robert Shaw argued the cause for the plaintiffs-appellants (Messrs. Shaw, Hughes & Pindar, attorneys).
Mr. Sidney Dincin argued the cause for the defendant-respondent (Mr. Henry J. Bendheim, attorney).
Before Judges CLAPP, FREUND and SCHETTINO.
*504 The opinion of the court was delivered by FREUND, J.S.C.
The plaintiff, Helen L. Reinhardt, sustained personal injuries on July 7, 1951, when her husband's automobile in which she was a passenger collided with the automobile of the defendant, Bernice M. Wilbur. As a result of negotiations between the attorneys for the respective parties, the plaintiffs' claims were settled and on April 3, 1952, in consideration of the sum of $775 paid by the defendant's insurance carrier, the plaintiffs executed and delivered a general release in usual form, providing that they "release and forever discharge * * * from all and all manner of action * * * which * * * the said John A. Reinhardt, Jr. and Helen Louise Reinhardt ever had, now have or which they * * * hereafter can, shall, or may have * * * more particularly * * * with reference to an automobile accident * * * which resulted in * * * personal injuries to the said Helen Louise Reinhardt."
More than a year after the execution of the release, on June 25, 1953, the plaintiffs brought this action at law against the defendant. The answer sets up the release as a defense. In their reply the plaintiffs admitted execution of the release, but by way of avoidance contended that "at the time of the execution thereof that the plaintiff, Helen L. Reinhardt, was suffering from personal injuries as the result of the occurrence as set forth in the complaint, of which neither party was cognizant and there was a mutual mistake of fact as to the said injury." The plaintiffs offered to return the moneys paid for the release and prayed that it be set aside.
The defendant moved for summary judgment on the ground that there is no genuine issue as to any material fact. On the motion the plaintiffs submitted affidavits that on December 16, 1952, more than eight months after the execution of the release, the plaintiff, Helen L. Reinhardt, first became aware that she had sustained a fracture of the spine attributable to the accident, which medical and X-ray examinations made prior to the signing of the release had not revealed. *505 The defendant's answering affidavits denied any mutual mistake of fact and asserted that the settlement was made upon the understanding that she would be released from all claims arising from the accident and that the release had so provided. The court below granted the defendant's motion and from the judgment entered thereon the plaintiffs appeal.
The question to be determined is whether a duly executed general release may be invalidated upon the ground of mutual mistake of fact merely because an injury subsequently becomes more serious than the releasor believed it to be, or because she sustained injuries of which she was not aware, at the time of the execution of the release. The very suggestion of invalidation for such cause is contrary to firmly imbedded principles of law. We cannot shut our eyes to the realities of everyday practice. Persons involved in accidents or their representatives carry on and conclude negotiations precisely because there is uncertainty as to the extent of injuries or liability or both, and because of the uncertainty as to the outcome of any ensuing litigation. A general release duly executed and fairly obtained is a complete bar to further recovery for injuries sustained. Otherwise, the floodgates would open and not only persons like the plaintiff would seek avoidance, but also those who had paid substantial sums if supposedly serious injuries later proved to be minor.
Under the practice prior to the 1947 Constitution, when there was a separation of courts of law and equity, a proceeding to set aside a release for mutual mistake of fact would have been brought in the former Court of Chancery. In equity the rule is that the mistake must relate to a past or present material fact, and if injuries prove more serious than the releasor at the time of executing the release believed them to be, there is no cause of action. Spangler v. Kartzmark, 121 N.J. Eq. 64 (Ch. 1936); Annotation, 48 A.L.R. 1464 et seq. Cf. Great Northern R. Co. v. Fowler, 136 F. 118 (C.C.A. 9 Cir., 1905).
*506 "To avoid the consequences of a release pleaded by a defendant in an action at law, plaintiff must base his attack upon the fraud or deceit of the party who procured its execution and not upon plaintiff's failure to comprehend the significance or effect of his act in signing it. * * * In the absence of fraud in the execution, the binding signature of the plaintiff has been considered conclusive." Kearney v. National Grain Yeast Corp., 126 N.J.L. 307, 312 (E. & A. 1940).
Peter W. Kero, Inc., v. Terminal Construction Corp., 6 N.J. 361 (1951). Here, the plaintiffs do not charge that they did not comprehend the significance or effect of their act in signing the release, nor do they charge fraud or misrepresentation. Hence, the issue is an equitable one, but under our modern unified court system and new rules of practice, legal and equitable issues may be determined in the same proceeding. Steiner v. Stein, 2 N.J. 367 (1949); Poulos v. Dover Boiler & Plate Fabricators, 2 N.J. Super. 473, (Ch. Div. 1949), reversed on other grounds, 5 N.J. 580 (1950).
Applying the rule as stated in Spangler v. Kartzmark, supra, that in order to invalidate a release on account of mutual mistake, the mistake must relate to a past or present material fact and not to an opinion respecting future conditions resulting from present facts, here the mistake was as to a present fact. The plaintiff's fracture of the spine was in existence at the time of the signing of the release, and accordingly the mistake was in diagnosis, not in prognosis  not in a future development of known injuries but in a future discovery of presently existing, but undisclosed injuries.
While as of course upon a motion to dismiss the truth of the plaintiffs' allegations is conceded, even so the burden of proving mutual mistake must be clear, unequivocal and convincing. The release being full, complete and not obtained by fraud or deceit, and the plaintiffs having failed to prove mutual mistake, the motion for summary judgment in favor of the defendant was properly granted.
Judgment affirmed.