**BIGELOW et al.**

v.

**RKO RADIO PICTURES, Inc. et al.**

No. 4525.

United States District Court
N. D. Illinois, E. D.
June 29, 1954.

Jacob Grossman and Alfred B. Teton, (Froelich, Grossman, Teton & Tabin) Chicago, Ill., for Balaban & Katz Corp., American Broadcasting-Paramount Theatres, Inc., Theatre Amusement Co. and Theatre Booking Office, Inc.

Edward R. Johnston, Samuel W. Block and Leon Fieldman (Johnston, Thompson, Raymond & Mayer) Chicago, Ill., for Paramount Pictures, Inc. and Paramount Film Distributing Corp.

Miles G. Seeley, Bryson P. Burnham and Richard F. Hart, Chicago, Ill., for RKO Pictures Corp.

Thomas C. McConnell, Chicago, Ill., for plaintiffs.

IGOE, District Judge.

In July, 1942, plaintiffs, owners of the Jackson Park Theatre, filed a treble damage, anti-trust suit against five major distributors of motion pictures and a number of exhibitors in the Chicago area. Plaintiffs prevailed and a decree was entered herein on October 16, 1946,

imposing certain restrictions upon theatres owned or operated by any defendant. Bigelow v. RKO Radio Pictures, Inc., 7 Cir., 162 F.2d 520; Bigelow v. Balaban & Katz Corp., 7 Cir., 199 F.2d 794.

In November 1953, Balaban & Katz, one of the defendants, filed a motion for modification of the decree, alleging that material changes had occurred in the motion picture industry which made the future operation of the decree inequitable, and asking that the restrictions on length of both first and subsequent runs of motion pictures and on clearance be lifted. Thereafter, plaintiffs filed an answer and counterclaim. The counterclaim charged a continuing conspiracy among the original defendants in the treble damage suit and a number of newly named distributors and exhibitors and sought (a) injunctive relief against all defendants so named and (b) a judgment of $1,800,000 against Balaban & Katz. Balaban & Katz then moved to strike and dismiss the counterclaim as improper. Other defendants joined in this motion.

The filing of the counterclaim presents novel procedural problems. Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A., sets forth the conditions under which counterclaims may be filed. In this proceeding, it is unimportant to determine whether the counterclaim is compulsory or permissive. See Switzer Bros., Inc. v. Locklin, 7 Cir., 207 F.2d 483, 488. The real question is whether a counterclaim, whatever its nature, may be filed in this cause at this time.

From a procedural standpoint, the application for modification of the decree must be governed by the Federal Rules of Civil Procedure. See Rule 1. The method for securing relief from judgments is set forth in Rule 60(b) which provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

The application for modification of the decree is therefore clearly a motion, as it was denominated by Balaban & Katz. Is the motion a pleading? The explicit language of Rule 7(a) with reference to pleadings, and of Rule 7(b) with reference to motions, must cause this question to be answered in the negative. A motion is not a pleading. Moore's Federal Practice, Vol. 1, p. 1511 (2d Ed.). See also Johnson & Gould v. Joseph Schlitz Brewing Co., D.C.Tenn., 28 F.Supp. 650. And if a Rule 60(b) motion is not a pleading the response thereto is neither an "answer" nor a "pleading" within the meaning of Rule 7(a), which contemplates only answers to complaints, cross-complaints or third party complaints. The fact that plaintiffs were permitted to file an answer does not affect this result. It is common practice in this court to permit "answers" to be filed to all styles of motions. This is done in the interest of orderly procedure; it does not create additional pleading stages, nor change the character of the proceedings. See Donnelly Garment Co. v. International Ladies' G. W. Union, D.C.Mo., 47 F. Supp. 67.

If a response to a Rule 60(b) motion is neither an answer nor a pleading, a counterclaim may not be stated therein. This conclusion is required by Rule 13 which, insofar as here pertinent, provides:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, * * *."

"(b) *Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

 A reading of Rule 13 makes it plain that a counterclaim may only be set forth in a "pleading" by a "pleader". In view of the special nature of a proceeding such as this, it is clear that the subject counterclaim has not been filed by a pleader in a pleading.

Plaintiffs have also urged that apart from counterclaiming, they are seeking modification of the decree and treble damages under Rule 18(a) of the Federal Rules. Reliance upon Rule 18 (a) to support the counterclaim can be of no avail since that Rule presupposes the existence of a counterclaim properly pleaded in an answer or reply. Those pleadings are defined in the Rules of Civil Procedure and, for the reasons stated above, may not be filed to a motion under Rule 60(b). This conclusion is not only consistent with the language of the Rules but promotes their objectives.

Motions for modification of a judgment are addressed to the discretion of the trial court. Hearings upon such motions should be free of the distractions and complexities created by new parties or new claims, and should be concentrated upon the appropriate issue, to-wit, have conditions changed since the entry of the injunction decree. United States v. Swift & Co., 286 U.S. 106, 141, 52 S.Ct. 460, 76 L.Ed. 999; Bigelow v. R.K.O. Pictures, 7 Cir., 205 F.2d 231, 234. This does not mean that only defendants may seek modification of a continuing decree. Plaintiffs filed a specific motion for modification in 1948, which is referred to in Bigelow v. 20th Century Fox Film Corp., 7 Cir., 1950, 183 F.2d 60, 63. That application did not seek to join any new defendants nor was it accompanied by a claim for treble damages. Neither in format nor in content does the "counterclaim" filed herein qualify as a motion for modification.

The motion to strike and dismiss the counterclaim is granted.

Motions have also been filed to quash the service of summons on several of the "new" defendants. It is now unnecessary to pass upon the merits of those motions. The dismissal of the counterclaim will require the quashing of summons with respect to all defendants against whom summons issued in accordance with the counterclaimants' request.