See also, D.C., 144 F.Supp. 29.

**UNITED STATES of America,**
**Plaintiff,**

v.

**64.88 ACRES OF LAND, MORE OR LESS, SITUATE IN ALLEGHENY COUNTY, PENNSYLVANIA, and Charles F. Chubb, et al., Defendant.**

**Civ. A. No. 14037.**

United States District Court
W. D. Pennsylvania.

Jan. 27, 1960.

Alexander Black, Pittsburgh, Pa., for plaintiff.

John R. Gavin, Pittsburgh, Pa., for the United States.

WILLSON, District Judge.

In this land condemnation case tried to a jury, plaintiff called four witnesses and the government three witnesses. Six exhibits were offered in evidence. A view of the premises was had by the jury. The trial lasted the better part of six days. At the conclusion of the evidence, the government filed eight written requests for charge to the jury. These requests were all granted. Government counsel took no exceptions to the charge.

The verdict was for the plaintiff, Charles F. Chubb, in the sum of $65,000. Counsel had stipulated that interest was to follow as of course and as the government had paid $2,450 at the time of the taking, judgment was entered in the principal sum of $62,550 with interest computed in the sum of $13,281.52, so that the total judgment in favor of plaintiff in this civil action is $78,281.52.

■ The government filed a timely motion for a new trial. That motion is now under consideration. Counsel have been heard at oral argument on the merits of the case and have filed briefs. As trial judge I noticed the generality of the reasons assigned in the government's motion for new trial. Counsel were asked to brief the point as to whether the motion conformed to the requirements of Rule 7(b) of the Federal Rules of Civil Procedure, 28 U.S.C. Because I do not think that the motion is in compliance with Rule 7(b), the body of the motion is stated in full.

"And Now, to wit, this 29th day of June, 1959, comes Hubert I. Teitelbaum, United States Attorney for the Western District of Pennsylvania, by John R. Gavin, First Assistant United States Attorney, and John F. Potter, Assistant United States Attorney, and moves your Honorable Court for a new trial in the above entitled matter for the following reasons:

1. Improper admission of testimony

2. Government counsel was prejudiced

3. Refusal to admit proper testimony

4. Refusal to permit cross-examination

5. The verdict is excessive"

■ It is to be noticed that Rule 7 refers to both pleadings and motions. Seven (a) pertains to pleadings. Seven (b) says that a motion "shall state with particularity the grounds therefor * * *." Counsel for the government concedes in his brief that the five grounds assigned are general in nature but he says they are "sufficiently specific to advise the court and opposing counsel of the theories upon which the government sought a new trial". I must disagree. I will agree that the fifth reason, that is that the verdict is excessive, no doubt is sufficient in and of itself to raise the issue as to whether the verdict may be permitted under the evidence. However, as to the first four reasons, I can conceive of no language which could be less particular or more brief than the reasons assigned. It required but 369 pages to transcribe the testimony of the witnesses. Such a record is not a large one considering the complexity of the usual cases tried in this court. Government counsel offers as an excuse for the brevity of his motion, the fact that he did not secure a transcript of the trial testimony until some four months after the verdict was returned; but Rule 59 requires that a new trial motion "shall be served not later than 10 days after the entry of the judgment". All motions under the rules are subject to the requirement of "particularity" mentioned

in Rule 7(b). Professor Moore in discussing a new trial motion says:

"Rule 7(b) which deals with motions in general determines the proper manner of making a motion for new trial. Unless made during a hearing or trial, the motion must be in writing, and must state with particularity the grounds therefor * * *." Moore, Vol. 6, Page 3844.

In my examination of the rules I do not find that the particularity requirement is anywhere relaxed. For instance, see Rule 50 relating to motions for directed verdicts where the language is:

"A motion for a directed verdict shall state the specific grounds therefor."

As a matter of practice, I see no hardship in the rule of particularity. It is a routine matter at the conclusion of the evidence, for trial counsel to step to the bench and in his motion for a directed verdict specify numerous reasons therefor as he is required to do under Rule 50. By the same token, counsel at the end of a trial is certainly aware of the issues which he desires to raise in his motion for a new trial. Such motions are usual and routine in cases tried to a jury where the verdict is for the plaintiff. In the instant case it is significant to note that the issues were but few. For instance, liability was not an issue at all. That is usually one of the two main points in the ordinary law suit. The only issue was the question of damages to the plaintiff as the result of the government's taking. The government counsel's skeleton motion is not to be excused because of his failure to receive his transcript. It is impossible to secure any transcript within ten days when trials are proceeding as they do in this court unless a daily transcript is ordered.

On the subject of the requirements of Rule 7(b), in the Eastern District, an experienced trial judge in United States v. Krasnov, D.C., 143 F.Supp. 184, 196, said, "I do not consider this rule to es-

tablish a mere technical requirement, but rather hold it to be 'real and substantial' ". In this connection it is interesting to note that Judge Igoe of Illinois in Bigelow v. R. K. O. Radio Pictures, D.C., 16 F.R.D. 15, in examining Rule 7(a) which refers to pleadings, and Rule 7(b) which refers to motions, concludes that a motion is not a pleading. On this general proposition Barron and Holtzhoff, Vol. 1, p. 405, in referring to the requirement of particularity says that the "requirements are mandatory; compliance is essential to orderly procedure; * * *."

It is noticed also that form 19 in the Appendix of Forms, Federal Rules, 28 U.S.C., gives an illustration of a suggested sample motion. Assuming that form 19 is a guide or standard as to the particularity required, the government's motion in the instant case suffers in the comparison. The government has lately, that is January 27, 1960, filed a motion to amend its motion for new trial and cites Rule 15(a) of the Federal Rules of Civil Procedure. Subdivision (a) of that rule is entitled "Amendments" but refers to pleadings only. None of the authorities regard 15(a) as having application to a motion. It seems to this court that to regard the instant motion as sufficient to raise the first four assigned reasons is to nullify completely Rule 7(b). The government indicates that all it attempts to do by its motion to amend is to enlarge or expand the reasons already given. However, no reasons of any substance are set forth in the motion. I doubt that counsel would contend that in this record of 369 pages all the testimony was improperly admitted or that the court refused to admit any proper testimony, yet that is the basis of two of the reasons.

■ Government counsel cites Moore, Federal Practice, Vol. 2, § 7.05, p. 1512 on this general point. It is noticed that Moore at page 1511 says flatly that a motion is not a pleading. He says also that reasonable specification is all that

the requirement of particularity imposes. I agree with the foregoing statement. To permit an amendment, says Moore, is to defeat the purpose of the time limitation because a party could file a skeleton motion and later fill it out with new grounds. Regarding as I do the instant motion as a nullity, no amendment of it or elaboration upon the reasons assigned can be permitted.

▮ It remains then to consider whether the verdict as returned by the jury was excessive under the evidence. Plaintiff's counsel in his brief has set forth the testimony on this point of the various witnesses in column form. That method is helpful in considering the range of the values testified to by plaintiff's and government's experts. That testimony follows:

| Witness | Before Taking Value | After Taking Value | Damage |
|---|---|---|---|
| Mr. Chubb | $124,000 | $57,000 | $67,000 |
| Mr. Trohaugh | 116,000 | 51,000 | 65,000 |
| Mr. Murrer | 112,000 | 45,000 | 67,000 |
| Mr. McGrath | 55,000 | 45,000 | 10,000 |
| Mr. Kane | 51,000 | 40,000 | 11,000 |

When the verdict was returned it was my impression that the amount was generous. However, in reviewing verdicts returned by juries over a period of several years, it is my experience that the amount of the verdict is usually reached as a result of a compromise by the jury. In hard fought cases on issues of the value of the property, loss of earnings or other issues where a top and a low figure is testified to, it is more usual that a jury will seek the middle ground. However, a jury is not compelled to reach agreement by a compromise of the high and the low figure. In the instant case it is apparent that the jury accepted plaintiff's valuations of the difference in the market value of the property before and after the taking. There was a wide variance between the plaintiff and his experts and the government witnesses with regard to the damages, yet the verdict returned was well within the evidence introduced by the plaintiff. The jury saw and heard the witnesses and passed upon their credibility. My feeling still is that the verdict is generous and on the high side, yet I feel that it is amply warranted by the evidence and therefor it must stand. On this issue, it is my considered opinion that the jury gave fair consideration to all the evidence. It is apparent that the jury accepted the plaintiff's witnesses as being credible and rejected the values testified to by the government witnesses. There is thus presented a finding of a jury based upon conflicting evidence. Under the decisions of the Court of Appeals of this circuit the standard to be used by me as a trial judge to decide the issues on the ground of excessiveness is stated by Judge Hastie in Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285, at page 288:

" * * * any claim that the verdict has been excessive requires a trial court to decide no more than whether the jury has reached a result which could rationally and dispassionately be reached by laymen on the basis of evidence relevant to the several categories of legally recoverable damage."

As the trial judge, I have applied the foregoing rule and have come to the conclusion that the verdict should stand in the amount returned by the jury. Therefore, the fifth reason advanced by the government for a new trial is rejected. As that was the only issue properly raised in the government's motion for a new trial, the motion will be denied.