**UNITED STATES of America,
Plaintiff,**

v.

**Robert D. PLANT d/b/a Big Little Sand
and Gravel Company and Lorrayne
Plant, his wife, et al., Defendants.**

**Civ. A. No. 840.**

United States District Court,
W. D. Arkansas,
Hot Springs Division.

Oct. 19, 1972.

---

11. *See* transcript 1129 to 1146.  12. Id. at 1196 to 1208.

---

W. A. Eckert, Keith, Clegg & Eckert, Magnolia, Ark., for McAlester Fuel Co.

John L. Wilson, Hope, Ark., Richard S. Arnold, Texarkana, Ark., for Plants.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

In this proceeding the McAlester Fuel Company obtained a judgment against Robert D. Plant and Lorrayne Plant, his wife, in the sum of $67,864.31, plus interest from August 7, 1961, together with costs, and judgment for the same amount in the proceeding against R. N. Crabtree and Clara Crabtree, his wife, on April 11, 1963, in the United States District Court for the Western District of Arkansas, Hot Springs Division.

In view of the running of the ten-year period of time provided by Arkansas law, McAlester Fuel Company filed a motion to revive judgment and judgment lien on June 13, 1972, alleging that the judgment remains due and wholly unpaid; that by operation of law (Ark. Stats. 1947 Anno. Section 29–601 et seq.), the judgment lien had become dormant and the judgment should be revived. Appropriate notice of motion to revive was given to the parties, Mr. and Mrs. Robert D. Plant, Mr. and Mrs. R. N. Crabtree, Attorney John L. Wilson and Attorney Boyd Tackett.

Subsequently, on June 19, 1972, the defendants, Robert D. Plant d/b/a Big Little Sand and Gravel Company, and Lorrayne Plant, his wife, filed a response to the motion to revive judgment and judgment lien denying the existence of the judgment or a judgment lien for the reason that the same had been satisfied and that there had been complete accord and satisfaction of the judgment.

In the alternative, the defendants, in their response, specifically pleads the statute of limitations and laches.

On the date of the hearing scheduled to the court in Hot Springs, Arkansas, July 11, 1972, the defendants, Robert D. Plant and Lorrayne Plant, his wife, filed first amendment to reply to motion to revive judgment and judgment lien, restating the original reply filed on June 19, 1972, and in addition alleges a counterclaim.

Specifically, the amended response alleges that Robert D. Plant is the inventor of a machine which was patented and that he assigned his patent rights to McAlester Fuel Company in exchange for the company's acknowledgment that the judgment on which revival is sought would be satisfied or released.

In the alternative, the first amendment pleading of the defendants allege a counterclaim that the defendant, Robert D. Plant, had been an employee of McAlester Fuel Company for approximately ten years and that it was agreed that a

portion of his compensation for services as such employee, or of related and affiliated corporations, would be the company's agreement not to enforce against him the aforesaid judgment. Furthermore, should the court determine that the aforesaid judgment has not been released and satisfied, and that McAlester Fuel Company is not legally obligated to release and satisfy said judgment, then defendants would be entitled to rescission of their assignments of patent right, or have judgment for the reasonable value of personal services rendered by the defendant, Robert D. Plant, in excess of compensation actually received by him.

The McAlester Fuel Company has filed a motion to strike paragraph 2 of the defendants' first amendment to their response insofar as it attempts to assert a counterclaim; and to strike paragraph 5 of the defendants' first amendment to the response for the reason that it alleges for their counterclaim a new and independent cause of action against McAlester Fuel Company. McAlester Fuel Company also includes in its motion to strike that the prayer of the response of the defendants in their first amendment be stricken wherein it seeks any relief other than the release of or satisfaction of the judgment rendered by this court to McAlester Fuel Company against Robert D. Plant and Lorrayne Plant, his wife.

Pursuant to a notice by the court, a hearing was scheduled on the pending motions. After a review of the record and statements of counsel for the respective parties, the Court took under advisement the questions involved and by agreement of counsel briefs were to be filed. From the briefs filed by counsel and the record the Court proceeds to a determination of the motion to strike by McAlester Fuel Company.

Both parties rely on Rule 13 of the Federal Rules of Civil Procedure for their respective contentions. McAlester Fuel Company contends that there is no pleading before the Court as defined by Rule 13, which would permit a response in the nature of a counterclaim. Counsel for both parties contend that Rule 13(a) supports their respective position through the construction placed on the language, "if it [counterclaim] arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction".

The issues here present a novel question. It has been held that a proceeding to revive a judgment is not a new action, but merely a notice in the original suit. Donellan Jerome, Inc. v. Trylon Metals, Inc., D.C., 270 F.Supp. 996 (1967). The question must, therefore, be decided in accordance with specific procedures regarding revival of judgments.

As pointed out in brief by counsel for McAlester Fuel Company it is the general rule of law that on a motion to revive judgment no defenses may be made in the nature of a counterclaim or setoff unless there has been an agreement to apply it on the judgment, in which event it is treated as a payment. 46 Am.Jur. 530. Generally the defenses available in motions to revive a judgment are that there is no judgment to revive, that the judgment has been paid or otherwise discharged, or that the judgment is void.

Counsel for McAlester Fuel Company candidly admits that the first amendment to the response by the defendants insofar as it alleges the existence of accord and satisfaction is proper as a defense to the motion to revive judgment. On joining of this issue it appropriately becomes a fact question.

The Court concludes that the issue on the instant motion should be determined by the application of Rule 13 of the Federal Rules of Civil Procedure and Rule 60(b) of the Federal Rules of Civil Procedure.

The identical question was considered by the district judge in the United States District Court, N.D.Illinois, Bigelow v. RKO Radio Pictures, D.C., 16 F.R.D. 15. There the plaintiffs prevailed and a decree was entered October 16, 1946. The decree imposed certain restrictions upon theatres owned or operated by defendant. Bigelow v. RKO Radio Pictures, Inc., 7 Cir., 162 F.2d 520; Bigelow v. Balaban & Katz Corp., 7 Cir., 199 F.2d 794.

In November, 1953, a period of seven years after the judgment was entered, there was a motion filed for modification of the decree. The plaintiffs filed a response and a counterclaim. They requested injunctive relief and judgment for a substantial amount. The defendant moved to strike and dismiss the counterclaim as improper. *Bigelow*, supra.

It was there held that Rule 13 of the Federal Rules of Civil Procedure provides the conditions under which counterclaims may be filed. It was further held that it was unimportant to determine whether the counterclaim is compulsory or permissive. Citing Switzer Bros., Inc. v. Locklin, 7 Cir., 207 F.2d 483, 488. "The real question is whether a counterclaim, whatever its nature, may be filed in this cause at this time." *Bigelow*, supra, 16 F.R.D., at page 17.

■ This court agrees with the district court in *Bigelow*, supra, that from a procedural standpoint the application for modification of a judgment must be governed by the Federal Rules of Civil Procedure. See Rule 1. Rule 60(b) provides the method for securing relief from judgments, as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason

justifying relief from the operation of the judgment."

■■ In the instant case the counterclaim can only be considered as an application for modification of the judgment. Therefore, the question is, is the response or counterclaim a pleading? Rule 7(a) with reference to pleadings and Rule 7(b) with reference to motions make it clear that a motion is not a pleading.

■ It is further held in *Bigelow*, supra, that if a Rule 60(b) motion is not a pleading, the response thereto is neither an "answer" nor a "pleading" within the meaning of Rule 7(a), which contemplates only answers to complaints, cross-complaints or third party complaints. The fact that plaintiffs were permitted to file an answer does not affect this result. It is common practice for answers or responses to be filed to all types or styles of motions. This is done in the interest of orderly procedure; it does not create additional pleading stages, nor change the character of the proceedings.

In the instant case counsel for the defendants, Robert D. Plant and Lorrayne Plant, his wife, contends that Rule 13(a) on compulsory counterclaims should be construed in relation to Rule 1. The Court held in *Bigelow*, supra, as follows:

"If a response to a Rule 60(b) motion is neither an answer nor a pleading, a counterclaim may not be stated therein. This conclusion is required by Rule 13 which, insofar as here pertinent, provides:

"* * *

"A reading of Rule 13 makes it plain that a counterclaim may only be set forth in a 'pleading' by a 'pleader'. In view of the special nature of a proceeding such as this, it is clear that the subject counterclaim has not been filed by a pleader in a pleading." 16 F.R.D. page 17.

The Court adopts the rule as above stated in *Bigelow* as apposite of the instant question. The counterclaim alleges a new issue which from a review of the record was in no way related with or had anything to do with the original debt or judgment obtained by McAlester Fuel Company against the defendants.

It is the opinion of the Court that the motion to strike and dismiss the counterclaim should be granted and an order will be entered accordingly.