**FILTRATOR APPARATUS CO., INC., Plaintiff,**

v.

**FOOD ENTERPRISES, INC. and North American Systems, Inc., Defendants.**

Civ. No. 80–235.

United States District Court, D. New Jersey.

June 20, 1980.

---

Podvey & Sachs by Henry J. Catenacci, Newark, N. J., Hubbell, Cohen, Stiefel & Gross by Myron Cohen and Ralph R. Palo, New York City, for plaintiff.

Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney by James J. Shrager, Newark, N. J., for North American Systems, Inc.

Carpenter, Bennett & Morrissey by Robert E. Turtz, Newark, N. J., for Food Enterprises, Inc.

## OPINION

SAROKIN, District Judge.

Defendants move for summary judgment or, in the alternative, for a summary hearing in order to determine whether the complaint filed herein should be dismissed by reason of a release and stipulation of dismissal executed in a prior action between the identical parties. The Court's jurisdiction is premised upon 28 U.S.C. § 1331.

Plaintiff, Filtrator Coffee Apparatus Co., Inc., (hereinafter "Filtrator") is a manufacturer and distributor of fluted coffee filters for use in coffee makers. Defendant North American Systems, Inc. (hereinafter "NAS") is the manufacturer and distributor of automatic drip coffee makers for home use utilizing the name "Mr. Coffee". NAS also manufactures and distributes fluted filters for use in its machines, as well as many other machines. Defendant Food Enterprises, Inc. distributes and sells products of NAS among others.

On or about February 15, 1979, NAS filed an action against Filtrator in the District of New Jersey, entitled *North American Systems, Inc. v. Filtrator Coffee Apparatus Co., Inc.*, Docket No. 79–533 (hereinafter "the prior action"). In that action, NAS sought relief from Filtrator's alleged usurpation of the trademarks and goodwill of NAS. NAS alleged that Filtrator was utilizing the name "Mr. Coffee" and a picture of the "Mr. Coffee" automatic coffee maker on its packages of fluted coffee filters without the prior consent of NAS.

In the prior action Filtrator filed a motion to amend its answer and to file a counterclaim. The proposed counterclaim, which alleged antitrust violations, was appended to Filtrator's motion and contained claims which are identical or substantially similar to those contained in the complaint which it has filed in this action. Filtrator simultaneously served upon NAS interrogatories and requests for documents directed at the issues raised in the proposed counterclaim.

Prior to the argument on the motion to amend the answer and file a counterclaim in the prior action, the parties entered into a settlement agreement, which agreement provided, *inter alia*, that:

"Each party agrees that the other is released from liability from all claims for acts permitted by this agreement or raised by any pleading filed in this action except as this agreement is breached by the other."

Filtrator contends that it was not the intention of the parties to release the causes

of action contained in the proposed counterclaim and urges that such intention is corroborated by the fact that the word "filed" is used in the release. Filtrator argues that since the motion to permit the filing of the counterclaim was not argued and therefore not granted, the counterclaim was never "filed". NAS, on the other hand, contends that it was the intention of the parties that the causes of action set forth in the counterclaim be included in the release and settlement, and that for the purposes of the agreement, the counterclaim had been filed since it was attached to the motion papers and its contents known to both parties during the settlement negotiations.

In addition, the parties provided that the prior action would be dismissed by consent and, accordingly, the stipulation provided as follows:

> "The parties hereto have entered into an agreement . . . and pursuant to said agreement hereby stipulate that the Complaint and any Counterclaim in the above-entitled action be dismissed without prejudice . . ."

In the prior action, there was no counterclaim other than the proposed counterclaim attached to Filtrator's moving papers.

In connection with the motion filed by the defendants in this matter to dismiss the complaint, neither party suggests that there were any discussions which took place as to whether or not the causes of action set forth in the counterclaim were to be included in the release. As a result thereof, the Court has concluded that no purpose would be served in having a hearing as to the intention of the parties. Both parties set forth in their affidavits their respective positions as to the intention of the parties, but do not allege that such intention was expressed in any way other than as is contained in the written documents. Therefore, it is incumbent upon this Court to interpret the documents based upon all of the foregoing facts, none of which are disputed. The scope of a release is determined by the intent of the parties as expressed in the terms of the instrument, considered in light of all the surrounding facts and cir-

cumstances, *Bilotti v. Accurate Forming Corporation*, 39 N.J. 184, 188 A.2d 24 (1963).

At the time that the settlement negotiations took place and were consummated, there is no dispute that both parties were fully aware of Filtrator's claim of anti-trust violations as set forth in the proposed counterclaim. In reaching a settlement, it was reasonable for defendant NAS to assume that the causes of action set forth in the counterclaim in the prior action were included in the release and dismissal unless specifically reserved by Filtrator. Nothing, either in the negotiations or in the documents themselves, indicates any communication by Filtrator to NAS that it was Filtrator's intention to preserve its right to pursue the causes of action set forth in the counterclaim.

Filtrator now relies upon a very technical interpretation of the release section of the agreement to contend that the phrase "by any pleading filed" did not describe the counterclaim in the prior action. Filtrator contends that it was merely a proposed pleading which was not formally filed, and, therefore, the claims contained therein were not released.

Recognizing, as plaintiff correctly states, that it is well settled that a motion is not a pleading, *Bigelow v. RKO Radio Pictures, Inc.*, 16 F.R.D. 15 (N.D.Ill.1954), *U. S. v. 64.88 Acres of Land*, 25 F.R.D. 88 (W.D.Pa. 1960), *Johnson & Gould v. Joseph Schlitz Brewing Co.*, 28 F.Supp. 650, 651 (E.D.Tenn. 1939), *United States of America v. Plant*, 56 F.R.D. 613 (W.D.Ark.1972), this Court cannot accept plaintiff's strained interpretation of the phrase "by any pleading filed" in the agreement, nor can this Court conceive that Filtrator signed the settlement agreement consciously relying on such narrow a construction to preserve a substantial anti-trust cause of action. *Cf., D.D.I., Inc. v. U. S.*, 467 F.2d 497, 500–501, 199 Ct.Cl. 380 (1972), *cert. denied* 414 U.S. 830, 94 S.Ct. 61, 38 L.Ed.2d 65 (1963) (Court determines scope of settlement agreement based upon common sense understanding of intention of parties). If it was Filtrator's intention not to include the counterclaim in the re-

lease, it should have so stated clearly and unequivocally in the negotiations and in the documents executed at the time of the settlement.[1]

If it was Filtrator's intention to reassert in another action the allegations of the counterclaim, it was under a duty to make a disclosure to that effect and its failure to do so now bars it from so contending.

It may well be that the private and undisclosed intention of Filtrator and its officers was to reserve the right to pursue the counterclaim in another proceeding. However, fair dealing required that such intention be made known to NAS and absent such disclosure, Filtrator cannot now with propriety claim that such was its intention.

Even if Filtrator and its counsel took some comfort from the fact that the counterclaim did not fall within the parameters of the release because it was merely a proposed pleading which was not "filed", they could not stand idly by and permit such interpretation to remain unspoken. The Court has taken into consideration the argument by Filtrator that the document was prepared by NAS and, therefore, should be strictly construed against it. *E. g., New Wrinkle v. John L. Armitage & Co.*, 238 F.2d 753, 757 (3d Cir. 1956), *Redel's Inc. v. General Electric Co., supra* at 100, *City of Mishawaka, Indiana v. American Electric Power, Inc.*, 465 F.Supp. 1320, 1349 (N.D. Ind.1979). However, the simplicity of this document and the requirement that good faith be imposed upon the parties in their settlement negotiations, see, *Dodd v. Copeland*, 99 N.J.Super. 481, 485, 240 A.2d 444, aff. 52 N.J. 537, 247 A.2d 129 (1968), override any theory of strict construction as against the author. In some instances, si-

lence is golden but not where one has a duty to speak.

For the foregoing reasons, the release serves as a bar to the plaintiff's assertion of its antitrust claim, *Reinhardt v. Wilbur*, 30 N.J.Super. 502, 105 A.2d 415 (App.Div.1954). Summary judgment is hereby granted in favor of the defendants and accordingly, the complaint filed herein is dismissed as to any and all causes of action which existed as of the date of the release.[2]

---

1. The Court so concludes recognizing that policy considerations suggest that a release of antitrust claims be explicit. However, Filtrator acknowledges that such is not an absolute requirement. *Redel's Inc. v. General Electric Co.*, 498 F.2d 95, 101 (5th Cir. 1974).

2. Although an antitrust release may effectively bar antitrust claims which arose from transactions prior to the discharge, it may not be applied prospectively. *City of Mishawaka, Ind. v. American Electric Co., Inc., supra*, citing

*Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 896 n. 7 (3d Cir. 1975), *Redel's Inc. v. General Electric Company*, 498 F.2d 95, 99 (5th Cir. 1974), *Gaines v. Carollton Tobacco Board of Trade, Inc.*, 386 F.2d 757, 759 (6th Cir. 1967), *Fox Midwest Theatres, Inc. v. Means*, 221 F.2d 173, 180 (8th Cir. 1955), *Hunt v. Mobil Oil Corp.*, 410 F.Supp. 10, 27, n. 59 (S.D.N.Y.1975), *Marketing Assistance Plan, Inc. v. Associated Milk Producers*, 338 F.Supp. 1019, 1022 (S.D. Tex.1972).