**G.M. MEREDITH AND ASSOCIATES, Plaintiff and Counterdefendant**

v.

**BLUE PACIFIC MANAGEMENT CORP., Agent for Pago Plaza, Defendant and Counterclaimant**

High Court of American Samoa
Trial Division

September 13, 1995

CA No. 108-90

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff and Counterdefendant, Roy J.D. Hall, Jr. and Katopau T. Ainu`u
For Defendant and Counterclaimant, William H. Reardon

Order Denying Motion for Reconsideration or a New Trial

On May 26, 1995, this court awarded counterclaimant Blue Pacific

Management Corp. damages of $20,900 for Hurricane Ofa's destruction of the skylight at Pago Plaza, based on the professional malpractice of architect Richard Frey, who designed the skylight and supervised its installation while he was employed by counterdefendant G. M. Meredith and Associates ("GMA"). GMA now moves for reconsideration or new trial, alleging that we improperly applied the doctrines of *res ipsa loquitur* and negligence and improperly took judicial notice that Hurricane Val was of greater force than Hurricane Ofa in the Pago Plaza area.

## DISCUSSION

GMA's written motion listed grounds for reconsideration or new trial, but did not provide any analysis or legal precedent in support of its general conclusions. GMA also failed to expand significantly on its assertions during oral argument.

■ GMA's single noteworthy argument at the hearing was that hurricanes are inherently violent, and the destruction of a structure by a hurricane should not give rise to a presumption of negligence. In an area which is not generally prone to hurricanes, this argument may hold. But in American Samoa, hurricanes are a fact of life and architects are expected to design structures to withstand hurricanes of normal strength, knowing that such structures will likely be required to withstand one or more hurricanes during their normal life span. In fact, GMA was expressly instructed and undertook to meet this standard in this case. The failure of a structure to withstand a hurricane is, therefore, generally a good indicator that either the design or construction of the structure was defective, unless the hurricane is of exceptional volatility. We have no evidence that Hurricane Ofa was in this category.

One only need read GMA's motion to see that it is conclusionary and completely devoid of any caselaw, analysis or explanation to support its assertions. This is unacceptable lawyering. T.C.R.C.P. 7(b) requires that motions, "unless made during a hearing or trial, shall be made in writing, [and] state with particularity the grounds therefor . . . ." This court has previously articulated that this rule is especially important in motions for new trial to "put the trial judge and the opposing party on fair notice of the particular errors that will be alleged on appeal" and "to avoid unnecessary appeals by giving the trial judge a chance to see the errors of his ways." *Judicial Memorandum No. 2-87*, 4 A.S.R. 2d 172, 175 (1987).

■ The generality adopted by GMA in stating the grounds for reconsideration or new trial in this motion comes very close to rendering

the motion a nullity. *See United States v. 64.88 Acres of Land*, 25 F.R.D. 88 (1980). In any event, we believe that we adequately addressed the issues raised in the motion in our original order and will, without having the benefit of any further elaboration by GMA, deny the motion. The party moving for reconsideration or new trial must do more than reiterate our reasons for a decision and then make a blind assertion that we were incorrect. Our decision was fortified by citations of treatises and case law, which is more than we can say for GMA's motion. This court is not paid to be an advocate for either side, nor to do legal research that should be done by the attorneys, nor to guess at or construct the legal theory upon which a losing party might oppose our decision.

## ORDER

For all of the foregoing reasons, we deny GMA's motion for reconsideration or new trial.

It is so ordered.