EMMA D. McGUIRK, Appellant, v. MARGUERITE ELENA ROSS, Appellee.

(*December* 14, 1960.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Newton White* for appellant.

*David B. Coxe, Jr.,* and *Emmett J. Conte, Jr.,* for appellee.

Supreme Court of the State of Delaware, No. 29, 1960.

SOUTHERLAND, C. J.:

Mrs. Ross, plaintiff below, brought suit against Mrs. McGuirk to recover damages for personal injuries suffered in an automobile accident.

Plaintiff's car was hit from the rear by the car immediately in back of her. That car in turn had been struck by defendant's car.

Mrs. Ross' glasses were broken in the collision. She went back to Mrs. McGuirk's car and told Mrs. McGuirk of the breaking of her glasses, and said that she expected them to be replaced. Mrs. McGuirk said that she would pay for the glasses and gave Mrs. Ross her name and address. On the following day Mrs. Ross went to Dr. Reardon's office, and later got a new pair of glasses. She did not get the bill, but advised the nurse that the doctor should bill Mrs. McGuirk. Thereafter she received in the mail a check for $28, which she endorsed over to Dr. Reardon.

The adjuster for Mrs. McGuirk's insurance company testified that he called Mrs. Ross on the telephone and asked her if she intended to make a claim. Mrs. Ross said there was no damage to the rear of her car, but her glasses were broken, and she wanted them replaced. She said the cost would be $27 or $28. The adjuster asked her to forward him a bill and

said they would take care of the glasses. A bill for $28 was forwarded, and the adjuster issued the draft in payment.

Mrs. Ross said that the adjuster did not call her on the telephone or come to see her.

On the face of the check there was written:

"In full and final settlement of all claims against Emma McGuirk."

On the back appeared the following printed paragraph:

"If payee is not the insured or such other person above described endorsement of the draft constitutes a release of all claims payee has against the insured on account of claim for which full payment is shown on the reverse side."

At the time Mrs. Ross endorsed the check she did not know that she had suffered serious personal injuries. Some weeks later, after continual suffering from severe pains in her back, an examination disclosed that she had two herniated discs, presumably the result of the accident.

To plaintiff's claim of injuries in the suit below defendant pleaded the release set forth on the check. Plaintiff replied that the execution and delivery of the release was based on a mutual mistake of fact, because both parties were at that time ignorant of any personal injuries suffered by Mrs. Ross in the collision.

The separate issue of mistake was tried before the court and a jury. At the end of the testimony the court ruled that the uncontradicted evidence showed a mutual mistake of fact and directed the jury to find for the plaintiff on the separate issue. Defendant appeals.

The testimony of the parties is set forth above. Assuming, as we must, the correctness of the adjuster's evidence, nevertheless it seems abundantly clear that neither he nor Mrs. Ross had any idea that she had suffered serious personal

injuries in the collision. The adjuster could not have supposed that he was settling a claim for such injuries for the price of a pair of glasses; in fact, neither party thought that such a claim existed, for the injuries were unknown.

In these circumstances we think that the finding of the trial court was correct. See *Tatman v. Philadelphia, Baltimore & Washington R. Co.*, 10 *Del. Ch.* 105, 85 *A.* 716. In that case settlement was made of a claim for injuries to a minor. The injury was diagnosed by the examining physicians as a scratch on the surface of her eye. She was paid $500, and a general release was given by her guardian. Later it developed that the eye had been deeply penetrated and had to be removed. It was held that the settlement was made upon a mutual mistake of fact, and the plaintiff was entitled to relief.

Defendant says that the case is distinguishable, but we think the principle there announced is clearly applicable. Not merely was the *extent* of Mrs. Ross' injuries unknown, as in the *Tatman* case, but the fact of *any* serious personal injury was unknown.

Defendant says that the instant case is ruled by *Hob Tea Room, Inc. v Miller*, 33 *Del. Ch.* 38, 89 *A.* 2d 851. We do not think so. In the *Hob* case the tea room business had been sold by plaintiff Miller to defendant Burrows under certain conditions of payment by installments, and subject to a reservation to her of refunds of taxes then due the Hob Tea Room. Two years later the parties negotiated for a lump sum payment, and for the settlement of certain other differences between them. At that time the tax refund had not been received. It was evident that the buyer supposed, and reasonably supposed, that the parties were settling all matters affecting the "operations, claims and obligations" of the Hob Tea Room, for in one of his letters to plaintiff Miller, defendant Burrows in effect so stated. The plaintiff Miller asserted that the claim for the tax refund was not intended to be included in the settlement.

This Court held that there was no mutual mistake which would justify reformation of the settlement contract. Clearly, this case does not apply here.

The judgment of the Superior Court is affirmed.