MARGARET V. NOGAN and WILLIAM R. NOGAN, Plaintiffs, v. WILLIAM R. BERRY, Defendant.

*(January* 15, 1963.)

STOREY, J., sitting.

*Samuel Spiller* for the Plaintiffs.

*Raymond L. Becker* for the Defendant.

Superior Court for New Castle County, No. 21, Civil Action, 1962.

STOREY, J.:

This is a motion for summary judgment filed by defendant. Plaintiff brought a tort action against defendant as a result of injuries she allegedly sustained when her car was struck from the rear by defendant's automobile on January 29, 1961.

The facts show that shortly after the accident, plaintiff reported it to the State Police, but indicated that she was not hurt and could make it home all right. Her deposition, however, shows that she experienced pain and stiffness in her neck almost immediately following the collision.

Subsequently, plaintiff and her husband, who is also a plaintiff herein, executed a statement sent to them by defendant's insurer, Allstate Insurance, stating *inter alia*, that plaintiff was not injured. Subsequently, plaintiffs received a check in the sum of $70.55, the exact amount of the car damage, and indorsed the check which contained a release of any and all claims arising out of the accident.

About eight months later, plaintiff received treatments for the injuries allegedly sustained. She subsequently filed suit with her husband demanding compensation for said injuries. Both plaintiffs also demand, aside from special and general damages, that defendant pay punitive damages due to the fact that he allegedly left the scene of the accident.

Plaintiff relies heavily on the Delaware case of *McGuirk v. Ross*, 166 A. 2d 429 (1960), decided in the Supreme Court. In that case the release signed by plaintiff was rescinded. However, on analysis, it is clear that neither party was aware of plaintiff's injuries at the time the release was executed. Thus both parties labored under a mutual mistake of fact.

In the case at bar, we have a different situation than that found in *McGuirk, supra.* Plaintiff's deposition clearly illustrates that she was aware of pain and discomfort while returning home from the accident. She remained in pain thereafter, but submitted a negative response to a questionnaire of defendant's insurer which inquired of the possibility of injury. Furthermore, she freely executed a release of any claims, and settled for a sum representing property damage to her automobile.

From the undisputed evidence before me, it is clear that this is a case of unilateral mistake. It thus falls outside of the rule announced in *McGuirk, supra.* Furthermore, plaintiffs admit that the release was not obtained through fraud or misrepresentation.

While plaintiffs may have used poor judgment in the speed with which they executed the release, they nonetheless did so despite the obvious stiffness and pain which Mrs. Nogan was experiencing at the time of settlement. They further compounded their problem by failing to apprise the insurer of this matter, although they had the opportunity to do so. I thus fail to perceive how plaintiffs can be permitted

to complain at this point. For that reason, I can find no basis to rescind the release.

In view of this holding, the action of Mr. Nogan must fail with that of his wife. The question of whether plaintiffs are entitled to punitive damages is thus rendered moot.

Defendant's motion for summary judgment is granted.

On presentation, Order in conformity with the decision will be entered.