193 A.2d 79 (1963)
Margaret V. NOGAN and William R. Nogan, Appellants,
v.
William R. BERRY, Appellee.
Supreme Court of Delaware.
July 10, 1963.
Samuel Spiller, Wilmington, for appellants.
Raymond L. Becker, Wilmington, for appellee.
TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.
TERRY, Chief Justice.
On January 27, 1961, plaintiff Margaret V. Nogan, while driving a motor vehicle, was struck by a motor vehicle driven by the defendant. Prior to reaching her home, Mrs. Nogan noticed a pain in her back and suffered a stiff neck. Approximately two days subsequent to the accident, plaintiffs were contacted by defendant's insurer and requested to complete a standard accident report form. In response to a question on this form inquiring as to whether or not Mrs. Nogan or any other person was injured in the accident, plaintiffs replied "no" and signed the form. At the time of signing this form, Mrs. Nogan was still suffering the pain referred to above, and her husband was aware of this fact.
A short time thereafter, after submission of a repair estimate to defendant's insurer, plaintiffs received a check from the insurer in the exact amount of the repair estimate. The check contained a standard general release statement both on the face and on the reverse side of the check. Mr. Nogan, whose deposition was taken in pre-trial discovery, testified that he was aware that the release, if signed, would extinguish a claim for personal injuries, but elected to sign it because of plaintiffs' belief that the injury was a minor one and that the pain and discomfort would soon disappear.
Contrary to plaintiffs' expectations, plaintiff's physical condition deteriorated, and in the fall of 1961, she consulted a physician and later filed suit against defendant, alleging the existence of serious injuries. Defendant, pleading the release referred to above, moved for summary judgment in the court below. It is from the order granting this motion that plaintiff has appealed to this court.
*80 Before delineating the precise issues raised by this appeal, we deem it necessary to indicate that plaintiff has made no allegation of fraudulent conduct on the part of defendant or his insurer. To be sure, plaintiff does argue that the short period of time between the accident and the signing of the release "bordered on actual or constructive fraud," but this argument is not seriously pressed. In any event, plaintiff was under no economic compulsion to accept the release immediately proffered by defendant's insurer and could have deferred her decision until receiving competent medical advice. See James v. Tarpley, 209 Ga. 421, 73 S.E.2d 188 (1952).
In addition, as noted above, this appeal does not present the question of duress, although plaintiff speaks generally of their "unfair bargaining position." This is not a case where plaintiff signed a release when delirious from pain or drugs; nor is it a case where plaintiffs needed funds immediately and could not defer settlement in order to gain a clearer appreciation of the facts.
In support of their contention that the release should not be a bar to this action, plaintiffs rely upon Tatman v. Philadelphia, B. & W. R. Co., 10 Del.Ch. 105, 85 A. 716 (1913); and McGuirk v. Ross, 3 Storey 141, 166 A.2d 429 (Supreme Ct., 1960). In Tatman, the plaintiff was examined by physicians employed by defendant, and both parties, in preparing and executing a release, relied upon the opinion of the physicians that no serious injury was present. When subsequent events proved this diagnosis to be incorrect, the court granted an injunction against the pleading of the release upon the grounds that both parties were laboring under a mutual mistake of fact induced by the statements of the physicians. In the instant case, plaintiffs were aware of the pain and discomfort suffered by Mrs. Nogan, but this fact was not communicated to defendant's insurer. Accordingly, there was no mutual mistake of fact.
In McGuirk, there was no evidence that plaintiff suffered any discomfort which she attributed to the accident at the time of signing the release. Accordingly, the court allowed the release to be set aside on the grounds that both parties executed the release upon the belief that there were no personal injuries or manifestations of such injuries. In the instant case, as noted above, such a condition was not present.
It is a well-settled rule of law that a release for personal injuries may not be set aside merely because of a unilateral mistake as to the extent of presently known injuries. See James v. Tarpley, cited supra; Gumberts v. Greenberg, 124 Ind.App. 138, 115 N.E.2d 504 (1953); Reinhardt v. Wilbur, 30 N.J.Super. 502, 105 A.2d 415 (1954); and Noble v. Farris, 221 F.2d 950 (1st Cir., 1955).
As stated in James v. Tarpley, cited supra:
"Where, as in this case, by reasonable diligence the plaintiff could have ascertained the extent of his injuries * * *, and there was no necessity for his rushing into a settlement, the law * * * will not relieve him from the injurious, unwise, or disadvantageous consequences of his own act in executing the release in question." (At page 190, of 73 S.E.)
One final question remains for disposition. Plaintiffs argue, in the alternative, that it was improper to grant the motion for summary judgment because of the inherent ambiguity of the word "injured" as used in insurer's standard accident form. As noted above, there is no dispute as to the material facts in question. Plaintiffs, however, have attempted to create a dispute as to the proper inference to be drawn from the word "injured." It is plaintiffs' contention that they construed the word "injured" to relate to some manifestation of substantial harm, and, therefore, they did not consider the pain and discomfort suffered by *81 Mrs. Nogan to be an injury. It is undisputed that both plaintiffs were aware of the fact that the pain and discomfort suffered by Mrs. Nogan was a direct result of the motor vehicle accident in question. It is also undisputed that this pain and discomfort has continually plagued plaintiff since the date of the accident, and, specifically, was present in the period between the accident and the signing of the accident statement form. Accordingly, since there is no allegation that plaintiffs, by reason of limited education or other disability, did not understand the meaning and effect of the questions on the form in question, plaintiffs' contention that there was an inherent ambiguity in the word "injured" cannot be sustained.
The judgment of the court below is affirmed.