OTIS I. HYE v. ANN T. RIGGIN.

( *February* 20, 1964)

CHRISTIE, J. sitting.

*JULIAN D. WINSLOW* for plaintiff.

*WILLIAM F. TAYLOR* for defendant.

Superior Court for New Castle County, No. 1504, Civil Action, 1962.

CHRISTIE, judge.

On January 5, 1962, the plaintiff was operating an automobile on the Kirkwood Highway at or near its intersection with the Newport Gap Pike. The plaintiff was stopped in a line of traffic in compliance with a red traffic signal. An automobile operated by the defendant approached the same line of traffic and struck the vehicle immediately behind the plaintiff's automobile. The car behind the plaintiff was forced into the rear of the plaintiff's automobile. Plaintiff in this suit alleges personal injuries resulting from the accident.

The plaintiff did not complain of any personal injuries at the scene of the accident. The parties involved exchanged their names, vehicle registration information and the identity of their respective insurance carriers. The insurance carrier for the defendant was United States Fidelity and Guaranty Company.

On or about January 15, 1962, the plaintiff submitted an accident report form to the United States Fidelity and Guaranty Company. In response to a question on that form which read, "Was anyone injured?" the plaintiff answered "No." On the form the plaintiff indicated two repair estimates relating to the damage to his vehicle. The lower estimate was $69.85. On January 25, 1962, the United States Fidelity and Guaranty Company issued a check payable to the order of the plaintiff in the amount of $69.85.

Plaintiff endorsed the check on or about January 30, 1962.

Although plaintiff had not bargained for or received any compensation for injuries, the check bore the following routine inscription immediately above plaintiff's signature:

"By the acceptance and endorsement of this draft, it is agreed that said draft is in full and final settlement of any and all liability and claims of whatsoever kind or nature against the person, firm, or sorporation covered under the terms of the policy as an insured and/or the United States Fidelity and Guaranty Company as insurer, because of personal injuries or damage to property resulting or to result from an accident which occurred on or about the date stated on the face hereof."

Later, after palintiff developed back trouble which he attributed to the accident, this suit was brought. On these facts, the defendant moved for summary judgment on the ground that the plaintiff has executed a valid and binding release as to the claim now asserted.

In plaintiff's deposition, taken on February 14, 1963, he described the accident as being a terrible crash. It felt like someone had hit him with a baseball bat in the back of his neck. He said his neck was stiff the morning following the accident but got better after he began moving around. The soreness in his neck lasted for approximately a week following the accident.

The cases where plaintiffs seek to avoid releases of personal injury claims on the ground of fraud or mistake as to the extent or nature of injuries are collected in 71 A.L.R.2d. 83. There it is noted that there "appears to be a definite trend in most jurisdictions towards granting relief liberally where it is made to appear that the injured party released his claim under a false impression that he was fully informed as to the nature and extent of his injuries." The annotator goes on to observe:

"It is clearly possible for an injured party to consciously bargain away his right to recover for the consequences of another's tort notwithstanding the fact that the nature or extent of the injury has not

been fully developed, and the mere fact that a bad bargain is made will not entitle the releasor to avoid his contract. However, it is equally clear that if the parties to a release were in fact laboring under a material mistake as to the nature or extent of the injuries, relief may be had and the release avoided in most jurisdictions."

Two recent decisions of the Delaware Supreme Court have dealt with the validity of releases under somewhat similar but distinguishable circumstances. The problem before the Court is the correct application of the law laid down in the recent cases.

In the case of *McGuirk v Ross,* 3 Storey 141, 166 A.2d 429 (1960), plaintiff's automobile was hit from the rear. Her only known damage or injury was a pair of broken glasses. There apparently was no sign of pain prior to the signing of a release in connection with the payment for the glasses. Plaintiff signed the release in the bleief that she had not been injured at all. Later she found that she had suffered serious injury to her back.

The Court set the release aside on a finding that the release was based on a "mutual mistake" of fact since both parties were at the time ignorant of the injuries. See also *Tatman v. Philadelphia, Baltimore & Washington R. Co.,* 10 Del. Ch. 105, 85 A. 716 (1913).

In the more recent case of *Nogan v. Berry,* Del. 193 A.2d 79 (1963), after plaintiff's vehicle was hit by defendant's vehicle, plaintiff proceeded to drive home. On the way she noticed a pain in her back and suffered a stiff neck. About two days later plaintiff signed an insurance form supplied by defendant's insurance carrier stating that no one was hurt in the accident. At that time she still had a pain in her back.

Soon thereafter plaintiff received a check for property damage to her car from defendant's carrier. The check contained a release similar to that used in the case at bar. Plaintiff knew that by signing the check and release she was extinguishing her claim for personal injuries but she elected to sign it because she thought her injury was such a

minor one that the pain would soon disappear.

The Court upheld the release on the theory that its execution arose from a "unilateral mistake" as to the extent of presently known injuries. The McGuirk case was distinguished on the basis that McGuirk was suffering no discomfort which she attributed to the accident at the time she signed the release and both parties were under the mistaken impression that there were no personal injuries.

The execution of the releases in the cases above mentioned and in the case at bar were all based on mistaken beliefs as to injuries. In each case palintiff would not have signed a release had plaintiff known the extent of the injuries. However, the Delaware rule is that the release is binding if plaintiff knew that an injury existed and if the injury continued to time of the release, and was mistaken merely as to the extent of the injury. See the Nogan case cited above.

The characteristic feature of the mutual mistake found to exist in the McGuirk case was the fact that both parties were totally ignorant of any injury and no pain gave plaintiff any notice that injury might have occurred. The characteristic feature of the unilateral mistake found in the Nogan case is the presence of discomfort soon after the accident and at the time of the execution of the release and the denial by the plaintiff of the existence of any injury in spite of the continuing pain.

The facts of the case at bar fall somewhere between those of the two recent Delaware cases discussed above. As in the Nogan case plaintiff here knew that he had suffered at least superficial injury because he had pain for a few days, but in the Nogan case the pain had persisted to the time of the release and plaintiff had consciously given up a right to assert a claim as to a condition he knew to exist at the time of signing. On the other hand, the facts here resemble those of the McGuirk case in that at the time of signing plaintiff had no pain at all and therefore had no occasion to make diligent inquiry in respect to the superficial pain earlier encountered.

I conclude that there was a mutual mistake of fact here as to the existence of more than mere superficial temporary pain which a reasonable person would not regard as a compensable injury. When such a situation exists I think that a plaintiff should be allowed to avoid the release provided he did not bargain for or receive separate consideration for the superficial pain and provided such superficial pain had ceased to exist at the time the release was signed. In short, I find the holding in the McGuirk case to be controlling here.

The motion for summary judgment will be denied.