WILLIAM N. ELLIOTT and DELAWARE COACH COMPANY, a
Corporation of the State of Delaware, Defendants-
Below, Appellant, v. SOPHIE W. ROSE, Plaintiff-Below,
Appellee.

(*April* 27, 1964.)

TERRY, Chief Justice, WOLCOTT, *Justice,* and
MCNEILLY, J., sitting.

*Frank O'Donnell* (of Berl, Potter and Anderson) for
Appellants.

*James P. D'Angelo* for Appellee.

Supreme Court of the State of Delaware, No. 76,
1963.

MCNEILLY, Judge.

This is an appeal from the Superior Court which held
that the an affirmative defense of release should be strick-
en as a matter of law.

A complaint had been filed on February 8, 1961 in
the Superior Court by Plaintiff, Sophie W. Rose, alleging
that she was injured as a result of the negligence of the
Defendant, William N. Elliott, an employee of Defendant,
Delaware Coach Company. To this complaint Defendants
answered and, inter alia, pleaded the affirmative defense
of release. The Plaintiff moved for a partial summary
judgment striking the affirmative defense on the ground
that there was no dispute as to a material fact and that

Plaintiff was entitled to judgment as a matter of law. Defendants also moved for summary judgment upon the ground that Plaintiff had given a complete release to the Defendants.

The circumstances are as follows:

On November 14, 1960 Plaintiff was injured in an automobile accident when a bus owned and operated by Defendant, Delaware Coach Company, and operated by Defendant, William N. Elliott, collided with a parked car in which Plaintiff was a passenger. Prior to this injury Plaintiff had been employed regularly at White Crystal Beach near Middletown, Delaware for approximately twenty summers. During the winter months she held several temporary jobs in different places, and on the day in question she was on her way to seek a job at Wilmington Dry Goods.

On the evening of the accident Plaintiff consulted Dr. Hoch of Middletown, Delaware, who examined her, gave her some medicine and a physical therapy treatment to ease the pain which she was then suffering in her head, neck and back, and referred her to Dr. Theodore Strange, an orthopedic specialist practicing in Wilmington, Delaware. Dr. Strange x-rayed Plaintiff's neck and back, prescribed a cervical collar and referred her to Dr. Walter Lee of Middletown, Delaware, her family physician, who later saw her on several occasions and gave her medicine and physical therapy treatments for the persisting pains in her head, back and neck.

The record in this case does not indicate that either of the three Doctors who consulted and treated Plaintiff informed her of the nature and extent of her injuries except for a statement made by the Defendants' claims representative, who interviewed the Plaintiff, that Plain-

tiff had informed him the Doctors diagnosed her injury as a "whiplash" which would take approximately six months to heal. Plaintiff denies making this statement.

Both Plaintiff and Defendants, however, agree that they knew Plaintiff was injured. She was unable to work following the accident as a result of the pain and suffering she was forced to endure in her head, neck, and back, and she was forced to wear a cervical collar prescribed by Dr. Strange, which in itself is indicative of injury. The Defendants' claims representative stated in his deposition that he knew Plaintiff was seriously and permanently injured. Nevertheless, he negotiated a settlement of three hundred dollars ($300.00) with her which he stated he felt was adequate compensation for her injury. Such a small settlement ordinarily is regarded as a token amount, and in this case raises an inference that perhaps the claims representative was mistaken and did not know the nature and extent of her injuries or he would not have felt that $300.00 was adequate compensation.

Plaintiff, an intelligent though uneducated woman, stated in her deposition that she signed a paper for Defendants' claims representative believing at the time that it was merely a release for temporary medical advancements which she had to sign so that her daughter could collect for the damage to the car in which she was sitting at the time of the accident. She also contends that although she signed this paper which later turned out to be a general release she did so under protest after telling Defendants' claims representative that she had a lawyer. She also stated that this release was neither read by nor to her before she signed it.

On the basis of the foregoing the court below ruled as a matter of law that the affirmative defense should be stricken, and in support thereof cited *McGuirk v. Ross,* 3

Storey 141, 166 A.2d 429 (1960), and *Tatman v. Philadel-phia B. & W. R. Co.*, 10 Del.Ch. 105, 85 A. 716 (1913).

In the McGuirk case Plaintiff's automobile was hit from the rear and her only known damage or injury was a pair of broken glasses. There apparently was no sign of pain prior to the signing of a release in connection with the payment for the glasses and at the time she signed the release it was in the belief that she had not been injured at all. Later she found that she had suffered serious injury to her back. The court set this release aside on a finding that it was based on a "mutual mistake" of fact since both parties were at the time ignorant of the injuries.

In the Tatman case the Plaintiff was examined by physicians employed by Defendants and both parties in preparing and executing a release relied upon the opinion of the physicians that no serious injury was present. When subsequent events proved this diagnosis to be incorrect the court granted an injunction against the pleading of the release upon the grounds that both parties were laboring under a mutual mistake of fact induced by the statements of the physicians.

In the instant case the Defendants contend that the cited cases are not in point and that the circumstances here are controlled by *Nogan v. Berry*, 193 A.2d 79 (1963).

In the Nogan case after Plaintiff's vehicle was hit by Defendant's vehicle she proceeded to drive home. On the way she noticed a pain in her back and suffered a stiff neck, but in spit of this about two days later she signed an insurance form supplied by Defendant's insurance carrier stating that no one was hurt in the accident. At that time she still had a pain in her back. Soon after signing the insurance form the Plaintiff received a check for prop-

erty damage to her car which contained a legend thereon releasing the Defendant from any liability for personal injury or property damage by endorsement and cashing the check. It was known to Plaintiff that by signing the check and release she was extinguishing her claim for personal injuries. She elected to sign it because she thought her injury was such a minor one that the pain would soon disappear. The court in this case upheld the release on the theory that its execution arose from a "unilateral mistake" as to the extent of her presently known injuries. Neither of the authorities relied upon by the court below or by the defendant here are controlling in this case.

Were the material facts clear and undisputed it might be possible to apply the rules of law set forth in the cited authorities. However, that is not the case. Here there are material issues of fact as to whether Plaintiff did consciously bargain away her rights and whether Plaintiff and Defendants did know the nature and extent of Plaintiff's injuries and whether Plaintiff and Defendants did make a "mutual mistake".

These are matters which should be determined by the triers of fact and accordingly the judgment of the court below must be reversed.