**John R. REASON and Daisy Reason, Plaintiffs,**

v.

**Walter LEWIS and J. Glover, Defendants.**

Superior Court of Delaware.

New Castle.

Jan. 27, 1969.

Norman N. Aerenson, Bernard Balick, Wilmington, for plaintiffs.

Edmund D. Lyons, Morris, James, Hitchens & Williams, Wilmington, for defendants.

OPINION

O'HORA, Judge.

The claim of plaintiff, John R. Reason, is for personal injuries arising out of an automobile accident occurring on or about May 15, 1967, at which time he was a passenger in a motor vehicle owned by the City of Wilmington and at a time when he was an employee of the City of Wilmington. The plaintiff, Daisy Reason, his wife, is joined as plaintiff for a claim for a loss of consortium.

On June 26, 1967, plaintiff, John R. Reason, executed a release of any and all claims for the sum of $500.00. On the same date a draft issued on behalf of plaintiffs in the amount of $500.00, which was endorsed by both plaintiffs and cashed. Suit was filed on August 24, 1967.

By appropriate motion under Rule 42(b), Del.C.Ann. a hearing was held by the Court in connection with the first affirmative defense asserting release separate and apart from any other aspect of the case. Thus the issue here joined is whether or not defendants' defense of release is valid and dispositive of the plaintiffs' claims.

The testimonial evidence presented by the plaintiffs and defendants was in some dispute as to the events preceding and occurring at the execution of the release in question. The Court was totally unimpressed, however, with plaintiffs' suggestion that the representative of defendants misled Mr. Reason or engaged in any form of fraud to obtain the signatures. The Court was more than satisfied that plaintiffs well knew what they were doing in executing the documents involved and were in no way duped into signing through fraudulent means.

The Court does conclude, however, that what actually occurred here was a misunderstanding and mistake in fact on the part of both Mr. Reason and the representative of defendants as to Mr. Reason's physical condition at the time with respect to injuries received in the accident. The release was executed and the draft cashed within a very short time following the accident itself. This occurred at a time when both parties to the transaction were of the opinion that Mr. Reason had been discharged from further medical treatment or was about to be so discharged. The settlement which they thereupon attempted to effect was based upon their joint understanding of the limited extent of the plaintiff's injuries, the extent of his expenses to that date and the limited amount of loss of wages. The record reflects, however, that Mr. Reason's injuries were more extensive than believed at the time of the execution of the release and that, as a matter of fact, his medical expenses arising from the accident have become much more extensive, his loss of wages has been considerable and other aspects of his claim greatly expanded. In hindsight it can be easily concluded that not only would a settlement of $500.00 be grossly inadequate by any reasonable standard if the extent of plaintiff's injuries had been known, but it is also clear that the parties themselves would not have attempted such settlement.

There is some conflict in the cases from other jurisdictions as to whether or not a mutual mistake of fact as to the extent of a party's injuries is sufficient to offset the finality of a release of claims. However, the decisions in this State have established a reasonably definite rule with respect to such situations. In Hye v. Riggin, 208 A.2d 513 (Del.Super.1964), Judge Christie, after reviewing the earlier Delaware decisions in point, stated the Delaware rule, as follows:

"The execution of the releases in the cases above mentioned and in the case at bar were all based on mistaken beliefs as to injuries. In each case plaintiff

would not have signed a release had plaintiff known the extent of the injuries. However, the Delaware rule is that the release is binding if plaintiff knew that an injury existed and if the injury continued to time of the release, and was mistaken merely as to the extent of the injury."

In the *Hye* case itself the plaintiff had suffered a superficial injury causing some pain but at the time of signing the release had no continuing pain and therefore had no occasion to make diligent inquiry in respect to the earlier superficial pain. Judge Christie concluded that such circumstances amounted to a "mutual mistake of fact as to the existence of more than mere superficial temporary pain which a reasonable person would not regard as a compensable injury." In denying summary judgment, Judge Christie concluded that such circumstances were sufficiently different from those situations involving a mistake as to extent of injury as to be outside the Delaware rule.

The holding in the *Hye* case is the most extreme example of a Delaware Court rejecting the binding effect of a release in circumstances resembling a "mistake as to extent of injury". In reaching that conclusion Judge Christie was careful to point out, however, that:

"* * * a plaintiff should be allowed to avoid the release provided he did not bargain for or receive separate consideration for the superficial pain and provided such superficial pain had ceased to exist at the time the release was signed."

Even assuming for the sake of argument that plaintiff's injuries here resembled the "superficial pain" of plaintiff in the *Hye* case, nevertheless, there is no question here but that plaintiff intended to bargain for and did receive consideration for the initial injuries received. It would seem, therefore, that the facts at bar, harsh as they may seem to these plaintiffs, nevertheless, are covered and controlled by the longstanding Delaware rule supporting the binding effect of releases executed under mistaken belief as to the extent of the injuries.

Motion for summary judgment should be granted.

It is so ordered.