**John R. REASON and Daisy Reason, Plaintiffs Below, Appellants,**

v.

**Walter LEWIS and J. Glover, Defendants Below, Appellees.**

Supreme Court of Delaware.

Dec. 1, 1969.

Norman N. Aerenson and Bernard Balick, of Aerenson & Balick, Wilmington, for plaintiffs below, appellants.

Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, for defendants below, appellees.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This appeal raises the question of whether a release of claims arising from an automobile accident may be avoided by the plaintiff on the ground of mutual mistake as to the existence or extent of personal injuries sustained.

The Trial Court ruled, after preliminary trial of that issue, that the release here involved binds the plaintiff and cannot be avoided. The facts and the conclusions of the Trial Court are set forth in its Opinion appearing at 250 A.2d 390.

As will be seen there, at the time the release was given, both the plaintiff and the insurance adjuster thought that the plaintiff had been discharged from all further medical treatment or was about to be discharged. The fact of the matter, however, was that the plaintiff had sustained a nerve injury which was then unknown to either the plaintiff or the adjuster and was not discovered until later by a neurosurgeon. The Trial Court concluded that the parties would not have attempted the settlement if the nature and extent of the injuries were known.

The finding of such mutual mistake requires a ruling that the release may be avoided. This result is impelled by McGuirk v. Ross, Del.Supr., 3 Storey, 141, 166 A.2d 429 (1960). There, this Court approved the rule of Tatman v. Philadelphia, Baltimore & Washington R. Co., 10 Del. Ch. 105, 85 A. 716 (1913) and held that mutual mistake as to the existence or extent of the injury, under circumstances analogous to the instant case, will vitiate a release. See Annotation, 71 A.L.R.2d 82; Cady v. Mitchell, 208 Pa.Super. 16, 220 A.2d 373 (1966).

The Trial Court relied upon Hye v. Riggin, Del.Super., 208 A.2d 513 (1964) and the statement therein that under the Delaware rule a release is binding if the mistake was "merely as to the extent of the injury." That statement in *Hye* is incomplete; the Superior Court there obviously intended to limit the statement to cases of unilateral mistake, witness the supporting citation of Nogan v. Berry, Del.Supr., 193 A.2d 79 (1963) which spoke only as to unilateral mistake. Since we deal here with mutuality of mistake, the *Nogan* case and the rule stated in *Hye* are inapposite. The instant case is ruled by *McGuirk* which we here affirm and distinguish from *Nogan* as indicated.*

The defendants contend that the mistake here relied upon will not avail the plaintiff because it is not a mistake of a past or present fact, but is only a mistake as to the consequences or development of a known injury. See Tatman v. Philadelphia, Baltimore & Washington R. Co., 10 Del.Ch. 105, 85 A. 716, 718 (1913). Assuming, *arguendo*, the viability of that position under the present trend of the law (compare Annotation, 71 A.L.R.2d 82, 104), the contention is not available to the defendants

---

* See Annotation, 71 A.L.R.2d 82, 90, 98, and the trend there reflected regarding elimination of the distinction between unilateral and mutual mistake in this area of the law.

here because it is clear from the record that the existence of the nerve injury now in litigation was unknown to the parties at the time of the release.

Accordingly, we conclude that the Trial Court erred in upholding the release. The judgment below must be reversed and the cause remanded for further proceedings not inconsistent herewith.